```
                                                                                    C/M
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
KECIA KEMP,                                                :
                                                           :
                         Plaintiff,                        :
                                                           :   **MEMORANDUM DECISION AND**
            - against -                                    :   **ORDER**
                                                           :
NEW YORK CITY DEPARTMENT OF                                :   18-cv-5453 (BMC) (PK)
HEALTH AND MENTAL HYGIENE, ROSE                            :
TESSLER-HANDLER, and BRIAN TORO,                           :
                                                           :
                         Defendants.                       :
---------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* originally brought this action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 for racial discrimination, and under the Americans with Disabilities Act of 1990 ("ADA"), the Family Medical Leave Act of 1993, and corresponding provisions of state law, alleging that she was wrongfully terminated from her job as a public health advisor with the New York City Department of Health and Mental Hygiene ("DHMH"). By Order dated January 3, 2019, the Court dismissed plaintiff's amended complaint but granted her leave to file a second amended complaint with respect to her ADA claim only. Plaintiff has filed the second amended complaint, which defendants have moved to dismiss. The motion is granted for the reasons set forth below.

## BACKGROUND

Plaintiff was formerly an employee of DHMH. There is a lengthy history between the parties stemming from DHMH's decision to place plaintiff on an involuntary leave of absence on

July 12, 2016. As relevant here,[1] the Department of Citywide Administration Services ("DCAS") notified plaintiff by letter dated June 5, 2017 that it affirmed DHMH's decision to place plaintiff on involuntary leave following plaintiff's appeal of that decision.

After that affirmance, DHMH notified plaintiff by letter dated August 30, 2017 that she had been on leave of absence for a continuous period of one or more years and therefore needed to resolve her employment status with DHMH. The letter informed plaintiff of the process to apply for reinstatement through DCAS to her former position at DHMH. Plaintiff proceeded to apply for reinstatement on or about September 14, 2017.

On December 7, 2017, Dr. Edwin Robbins – an independent medical examiner retained by DCAS – met with plaintiff to conduct a psychological evaluation. Dr. Robbins made a written evaluation dated December 14, 2017 in which he diagnosed plaintiff with paranoid personality disorder and determined that she was not fit to return to work.

By letter dated January 12, 2018, DHMH informed plaintiff that it was advised by DCAS that her request for reinstatement was not granted. The letter also informed plaintiff that she had been on leave for a continuous period of more than one year, and that her employment with DHMH was therefore terminated, effective January 16, 2018. The letter again informed plaintiff of the process to apply for reinstatement.

On March 15, 2018, plaintiff's private doctor, Dr. Thresiamma Nidhiry, wrote a letter "to whom it may concern," which stated: "This letter is to inform you that Ms. Kecia Kemp was

---

[1] These facts are distilled from the allegations contained in the revised second amended complaint and the documents attached to it; the documents attached to the first amended complaint; and the documents attached to defendants' first motion to dismiss. As the Court explained in its January 3rd order, in the context of a Rule 12(b)(6) motion, a complaint is deemed to incorporate annexed documents, and a defendant is permitted to submit additional documents on the motion if the documents annexed to plaintiff's pleading tell only part of the story. See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Although the revised second amended complaint does not reattach several of these relevant documents, they are either incorporated by reference or necessary to complete the story, so the Court can consider them here.

seen today for a psychological evaluation. Patient is mentally intact and is no danger to herself and others noted at this time. Patient can return to her normal duties as of 04/09/2018."

By letter dated April 9, 2018, DCAS informed plaintiff that it received her application for reinstatement but was unable to process her request because her application was incomplete. To complete her application, plaintiff needed to submit copies of her medical records, including a description of her disability, her medical history, treatment and recovery, psych summaries, and progress notes. Plaintiff also needed to submit a Physician's Certification Form completed by a psychologist or psychiatrist dated within two months of her application stating that the doctor has found plaintiff fully fit to perform the essential tasks and functions of her position. The letter also provided the mailing address, fax number, and email address to which plaintiff could submit these missing documents.

## DISCUSSION

Plaintiff claims that defendants failed to provide her with a reasonable accommodation for her disability as required by the ADA. As indicated above, plaintiff was granted leave to file a second amended complaint because her first amended complaint lacked detail on the basis of her ADA claim.

Where, as here, a plaintiff claims that the defendant failed to provide a reasonable accommodation, the plaintiff bears the burden of showing that "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 (2d Cir. 2006) (internal quotation marks and citations omitted). "All that plaintiffs must do at the motion to dismiss stage is plead the existence of a

plausible accommodation, the costs of which, facially, do not clearly exceed its benefits." Shaywitz v. Am. Bd. of Psychiatry & Neurology, 675 F. Supp. 2d 376, 390 (S.D.N.Y. 2009) (internal quotation marks and citations omitted).

Although plaintiff applied for reinstatement and submitted a letter from her private doctor stating that she could return to work, plaintiff was told that her application was incomplete and therefore could not be processed. It was not clear from the amended complaint whether plaintiff ever submitted the necessary documents to complete her application for reinstatement. It was also unclear whether plaintiff ever requested an accommodation from defendants, when she made those requests, and how defendants responded to them. For these reasons, the Court granted her leave to file a second amended complaint. However, the second amended complaint allows for only one plausible inference: plaintiff never completed her application for reinstatement, nor did she ever make a request for an accommodation from defendants.

Plaintiff was informed multiple times of the process to apply for reinstatement, the denial of her application was reconsidered when she submitted a letter from her private doctor attesting to her ability to return to work, and plaintiff was given several opportunities to submit the necessary supporting medical documents and information pertaining to her disability and employment. Her revised amended complaint fails to plead any facts which suggest she asked for a reasonable accommodation, that defendants ever refused that request, or that plaintiff even completed the application process to be reinstated to her former position in the first place. Moreover, her revised amended complaint does not even suggest what a reasonable or plausible accommodation could be. Under these circumstances, plaintiff – as a disabled former employee – cannot sue her former employer under the ADA when she neither requested a reasonable accommodation nor completed the reasonable application process for reinstatement

that her former employer requires.  See <u>Dooley v. JetBlue Airways Corp.</u>, 636 F. App'x 16, 18–19 (2d Cir. 2015) (summary order) ( "[A]n employer cannot refuse to make an accommodation that it was never asked to make[.]" (citations and alterations omitted); <u>Kemer v. Johnson</u>, 900 F. Supp. 677, 685 (S.D.N.Y. 1995) ("Plaintiff seeks to challenge a rejection that never occurred, and is seeking the benefit of an application that in essence was never completed and filed.").

Although it is true that plaintiff need not plead every element of a *prima facie* case for an alleged failure to accommodate, see <u>Liss v. Nassau Cty.</u>, 425 F. Supp. 2d 335, 340 (E.D.N.Y. 2006), plaintiff's pleadings must still include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Even construing all the facts in the light most favorable to plaintiff, the revised amended complaint can at best be read to challenge DHMH's decision to terminate her employment.  But this being a case about defendants' failure to accommodate her, plaintiff needed to at least plead the existence of a plausible accommodation to survive defendants' motion to dismiss.  Plaintiff's revised amended complaint fails to do that, and as a result, it does not state a claim under the ADA.

## CONCLUSION

Accordingly, defendants' motion to dismiss [26] is GRANTED.  The Clerk of Court is directed to enter judgment dismissing the case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      April 1, 2019